IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN M. KENNEDY,<br><br>  Plaintiff,<br><br>  vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>  Defendant, | Civil Action No. 22-571<br>Judge Nora Barry Fischer |

## MEMORANDUM OPINION

Presently before the Court are Plaintiff Sean M. Kennedy's Motion to Remand to State Court, (Docket No. 6), Defendant State Farm Fire and Casualty Company's Brief in Opposition, (Docket No. 10), and Plaintiff's Reply, (Docket No. 11). In its Notice of Removal, Defendant seeks to remove Plaintiff's two-count complaint asserting breach of contract and bad faith claims against it based on diversity jurisdiction, citing 28 U.S.C. §§ 1332(a) and 1441(a). (Docket No. 1). Defendant sets forth a conclusory assertion that "[b]ased on the allegations of the well-pleaded Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs." (*Id*. at ¶ 11). Plaintiff argues that this matter should be remanded because the amount in controversy of his case does not exceed $75,000. (Docket No. 6, 8). After careful consideration of the parties' arguments in light of the allegations set forth in the Notice of Removal and Complaint as well as the prevailing legal standards, Plaintiff's Motion [6] is granted and this matter will be remanded to the Court of Common Pleas of Allegheny County.

In so holding, the Court notes that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "They possess only that power authorized by Constitution or statute, which is not expanded by judicial decree." *Id.* (internal citations omitted). In every case, the Court has "an independent

obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). When a party removes a case to federal court, the Court must "evaluate whether that action could have been brought originally in federal court." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748, 204 L. Ed. 2d 34 (2019), *reh'g denied,* No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019). The Court should remand the case "[i]f at any time before final judgment it appears that the [Court] lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Defendant, as the removing party asserting that the Court has jurisdiction over this case, bears the burden of establishing same. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673.

Since this case is being removed on the basis of diversity jurisdiction, it is Defendant's burden to demonstrate that the parties are completely diverse and that the amount in controversy is in excess of the jurisdictional threshold of $75,000. *See* 28 U.S.C. § 1332(a). The parties here are completely diverse such that the sole dispute is the amount in controversy.

> In determining whether the amount in controversy exceeds $75,000, district courts must apply the "legal certainty" test the Third Circuit enunciated in *Samuel–Bassett v. Kia Motors*, 357 F.3d 392 (3d Cir.2004). Under this standard, "[t]he case will be dismissed only if from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." *Id*. at 194 (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)) (internal quotation marks omitted).

*Brewer v. Geico*, Civ. A. No. 13-1809, 2014 WL 241756, at *2 (W.D. Pa. Jan. 22, 2014). While a post-removal stipulation that the case is worth less than the jurisdictional amount is not dispositive, it remains Defendant's burden to show by a preponderance of the evidence that the operative complaint filed against it seeks an amount in excess of $75,000. *See* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by

section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").

Defendant argues that Plaintiff's claims seek in excess of $75,000 because he filed his case on the General Docket in the Court of Common Pleas which requires a demand in excess of $50,000 and the allegations in the Complaint present open-ended claims for breach of contract and bad faith insurance practices under Pennsylvania law seeking punitive damages and attorney's fees. (Docket No. 10). Defendant further contends that Plaintiff's estimation of the value of his claims below that figure is akin to a post-removal stipulation and should not control. (*Id*.). Plaintiff counters that this is a straightforward insurance dispute wherein he made a claim for $14,155.56 under his rental dwelling policy after sustaining water damage at his property which was denied by Defendant. (Docket Nos. 6; 11). His bad faith claim asserts that Defendant improperly denied his claim contrary to the applicable provisions of the policy and without conducting a sufficient factual investigation. (*Id*.). Plaintiff also presents an itemized estimate of the damages sought in this action, (including interest, punitive damages, and fees and costs), for a total sum of $68,776.89. (Docket No. 11). Having considered the parties' arguments, the Court agrees with Plaintiff that Defendant has not shown that the claims here exceeded the jurisdictional amount at the time of removal.

Initially, the Court notes that Plaintiff's Complaint does not set forth any amount in controversy in an *ad damnum* clause such that it is distinguishable from matters where a plaintiff has pled that his or her individual claims exceed the arbitration limits applicable in state court. (*See* Docket No. 1-8). Further, the fact that the case was filed with the Court of Common Pleas on the General Docket does not support removal because the required demand of at least $50,000

to bring that type of suit remains well below the $75,000 valuation required in this Court. 28 U.S.C. § 1332(a)(1).

Next, while Defendant has cited several cases in support of its position, this Court and many others have rejected insurance companies' "bare allegations that plaintiffs' bad faith claims bridged the gap between $10,000 or $15,000 insurance policies and the $75,000 threshold for federal jurisdiction, and remanded these cases." Brewer, 2014 WL 241756, at *6; see also Dendy v. Geico, Civ. A. No. 20-1945, 2020 WL 7424970 (W.D. Pa. Dec. 18, 2020) (same). The same is true here as Defendant has not presented any evidence supporting its assertions that Plaintiff's claim for bad faith is worth more than the $60,844.44 gap between the value of the breach of contract claim of $14,155.56 and the jurisdictional amount of $75,000.00. (Docket No. 10). Indeed, several courts have remanded matters against insurance companies with breach of contract claims involving even higher amounts up to $22,500 due to a lack of sufficient proof supporting the value of the corresponding bad faith claims. See Greer v. Geico, Civ. A. No. 21-1653, 2022 WL 60341, at *2 (W.D. Pa. Jan. 6, 2022) (Ranjan, J.) (remanding case because breach of contract claim was worth $22,250 and defendant did not show that bad faith claim was sufficiently valued to demonstrate to legal certainty that case was worth $75,000); see also Sciarrino v. State Farm Fire & Cas. Co., 476 F. Supp. 3d 91, 98 (E.D. Pa. 2020) (remanding case where breach of contract claim was worth $24,204.01 and defendant did not prove "to a legal certainty that the request for punitive damages and attorney's fees pushes the amount in controversy above the $75,000 threshold."). This case is also distinguishable from *Simmons v. State Farm Fire & Cas. Co.*, wherein the Court found that the jurisdictional amount was satisfied based on a breach of contract claim seeking at least $35,000; a bad faith insurance practices claim requesting punitive damages and attorney's fees; and further claims alleging violations of the Unfair Trade Practices and

Consumer Protection Law and unjust enrichment.  Civ A. No. 19-cv-1617, Docket No. 17 at 2 (W.D. Pa. Feb. 5, 2020); *Cf. Ferguson v. Holloman Corp.*, Civ. A. No. 21-1832, Docket No. 12 (W.D. Pa. Mar. 8, 2022) (holding that removal was untimely because complaint seeking in excess of $35,000 in compensatory damages as well as punitive damages was sufficient to demonstrate to a legal certainty that the case met the requirements of 28 U.S.C. § 1332(a)(1)).

All told, Defendant has failed to meet its burden to show that this case was worth more than $75,000 when it removed the case on April 18, 2022 and it appears to a legal certainty that Plaintiff cannot recover the jurisdictional amount in this case.  See *Robinson v. Coach Leasing, Inc.*, Civ. A. No. 20-126, 2020 WL 6324421, at *1 (W.D. Pa. Oct. 28, 2020) (court "must assess the [original] complaint to determine if the amount in controversy was, in fact, satisfied at the time of removal, based on a reasonable reading of the value of the rights being litigated.").  Therefore, the Court finds that the case must be remanded.  See 28 U.S.C. § 1447(c).

For all of these reasons, Plaintiff's Motion to Remand [6] is GRANTED.  An appropriate Order follows.

*s/Nora Barry Fischer*_____
Nora Barry Fischer
Senior U.S. District Judge

Dated:  April 29, 2022
cc/ecf:  All counsel of record.

Prothonotary, Court of Common Pleas of Allegheny County